UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DELANO THOMAS,

                      Petitioner,

                                                **MEMORANDUM & ORDER**

        -against-

                                                   04 CV 233 (RJD)

UNITED STATES OF AMERICA,

                      Respondent.
-------------------------------------------------------X
DEARIE, Chief Judge.

For the reasons set forth below, the application of petitioner Delano Thomas for relief under 28 U.S.C. § 2255 is denied and the petition is dismissed.

## BACKGROUND

As a result of their involvement in an airport cargo theft, petitioner and his codefendants Jean E. Morissett and James Angelo Williams were convicted, after a jury trial in this Court, of receipt and possession of stolen property in violation of 18 U.S.C. § 659. Petitioner was observed first-hand removing stolen Panasonic stereos from his garage and was arrested just as an expected payment for the goods was placed into his hand. Morissett was also convicted of conspiracy to engage in the theft in violation of 18 U.S.C. § 371, but petitioner and Williams, who both testified in their own defense, were acquitted of the conspiracy charge.

Based in part on the jury's finding that petitioner was guilty of receiving stolen property, Probation and the government recommended, and the Court found, that an obstruction-of-justice sentencing enhancement was appropriate, given that Thomas testified, in direct contradiction to the government's eyewitness testimony, that he did *not* assist in the offloading of the stolen merchandise and that he had never stored the stolen DVD and CD players in his garage.

Otherwise seeking to "be as lenient as the law permits," Sent. Tr., 9/21/2001, at 13, this Court sentenced petitioner to thirty months' imprisonment and three years' supervised release, and ordered the payment of statutorily required restitution for which all three defendants were jointly and severally liable in the amount of $20,529.33.

On their consolidated appeal, the Second Circuit affirmed the convictions of all three defendants, United States v. Morissett, 49 Fed. Appx. 334, 2002 WL 31388987 (2d Cir. Oct. 22, 2002) (Nos. 01-1337 (L), 01-1511(con), 01-1529 (con)), and the United States Supreme Court declined further review. Morissett v. United States, 537 U.S. 1224 (Feb 24, 2003) (No. 02-8594). Petitioner's principal claim on appeal was a challenge to the sufficiency of the evidence supporting his conviction, which the Second Circuit reviewed in detail. Morissett, 49 Fed. Appx. at 338-39.

In his application under section 2255, petitioner asserts a single claim, the ineffective assistance of trial counsel, through which he raises a multitude of complaints about the representation he received before and during trial. He alleges specifically that: (1) his first lawyer, Peter Tommaso, misadvised him to speak to government agents and the prosecutor in a proffer session; (2) Tommaso compounded that error by "abandon[ing]" him during that meeting; (3) his trial attorney, Clover Barrett, failed to move to suppress the statements petitioner made during his proffer; (4) Barrett erred by deciding that Thomas should testify; (5) Barrett failed to object to the sentencing enhancements for minimal planning, relevant conduct and to the Court's determination of loss based on the retail rather than wholesale value of the stolen equipment.

Petitioner has completed serving his custodial sentence and term of supervised release.

## DISCUSSION

Wholly apart from the fact that petitioner's terms of imprisonment and supervised release have been fully served, two other factors—the strength of the evidence against petitioner at trial

2

and the particular nature of the criticisms he seeks to lodge against counsel—make this an ideal proceeding in which to heed the Supreme Court's clear advice: "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the [ineffectiveness] inquiry if the defendant makes an insufficient showing on one." Strickland v. Washington, 466 U.S. 668, 697 (1984). Although often overlooked, this is hardly a minor feature of ineffectiveness jurisprudence. As the Strickland Court explained:

> In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

Id., 466 U.S. at 697.

Despite offering a compendium of complaints, petitioner has not shown how any of the errors of counsel he alleges undermined the reliability of the verdict of guilt, soundly based on, *inter alia*, the testimony of two eyewitnesses directly connecting petitioner to the stolen goods. Indeed, what he frames for 2255 purposes as alleged failings of counsel strongly resemble, in this Court's view, the evidentiary sufficiency claims that the Second Circuit has already rejected. See United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009) ("[i]t is well established that a § 2255 petition cannot be used to re-litigate questions which [sic] were raised and considered on direct appeal") (internal quotation marks and citation omitted).

Even assuming, however, that the ineffectiveness claim is a discrete claim properly before the Court and not merely a new frame for his previously briefed attack on the verdict, petitioner is not entitled to relief because, even assuming that the alleged errors of counsel occurred, petitioner cannot possibly establish, as is his burden, that the result of his trial would have been different.

3

Strickland, 466 U.S. at 693, 694 (to satisfy the prejudice prong of Strickland, petitioner must do more than merely show that the challenged conduct of counsel had "some conceivable effect" on the trial's outcome; instead, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). He has not shown that any of the alleged errors of counsel relating to his proffer (grounds 1 through 3 above) affected the verdict; indeed, combing the record, the Court can locate at most a single allusion, during petitioner's cross-examination, to his having given prior statements to the government. As for the claim that he was misadvised to testify, the transcript plainly reveals a level of preparedness in his testimony that belies any claim that he was called to the stand by surprise or against his will, and of course petitioner's decision to perjure himself once he was on the stand (and thus lay the foundation for the obstruction of justice enhancement to his sentence) cannot be blamed on his attorney. On the specific question of prejudice with respect to *the verdict* (i.e., apart from the sentencing enhancement that petitioner's perjurious testimony triggered, addressed below), petitioner may well have benefitted his cause by testifying, at least in the eyes of the jury. His admission of that which he could not deny (his being caught essentially red-handed) coupled with his assertions of ignorance of the criminal nature of the goods' acquisition may well have been what secured him an acquittal on the conspiracy count. In any event, given the strength of the government's case, the Court is convinced that petitioner would have been convicted of the section 659 count (and possible the conspiracy count as well) had he not testified.

Finally, with respect to each of the alleged errors of counsel bearing on petitioner's sentence, there is no prejudice because the claims are unquestionably moot: petitioner has fully completed both his term of imprisonment and his term of supervised release. United States v. Key, 602 F.3d 492, 494 (2d Cir. 2010). Lack of prejudice due to mootness disposes as well of the

4

portion of petitioner's claim bearing on the calculation of restitution. Even if the entire sum had not yet been paid, or even if any excess were in theory refundable, petitioner has not offered any specific alternative calculation, and the possibility that the government and Court would engage in a recalculation at this point in time is "too remote and speculative" to satisfy the case and controversy requirement of Article III, section 2 of the Constitution. Cf. United States v. Williams, 475 F.3d 468, 479 (2d Cir. 2007) ("[a]n appellate challenge to a criminal sentence is rendered moot when the defendant has been release[d] from prison and when there is either no possibility or only a remote and speculative possibility that the district court could [or would] impose a reduced term of supervised release were we to remand for resentencing") (internal quotation marks and citation omitted), cert. denied, 552 U.S. 1105 (2008); United States v. Mercurris, 192 F.3d 290, 294 (2d Cir.1999) (dismissing as moot a challenge to a sentence by a defendant who had been released from prison and was deported before completion of his term of supervised release, where the defendant "ha[d] only a quixotic chance of legally returning to the United States" to serve the remainder of his term of supervised release).

## CONCLUSION

The application for relief under 28 U.S.C. § 2255 is denied and the petition is dismissed. Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), so a certificate of appealability will not issue.

SO ORDERED.

Dated: Brooklyn, New York
June 16, 2010

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

5